IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

CARMEN F. STOICESCU,

               Plaintiff,

      v.

HAMILTON SUNDSTRAND CORP.
d/b/a COLLINS AEROSPACE,
RTX CORPORATION,
HAMILTON SUNDSTRAND SPACE
SYSTEMS INTERNATIONAL, INC.
d/b/a COLLINS AEROSPACE
               Defendants.

Case No. 3:24-CV-50018

Judge Iain D. Johnston

Magistrate Judge: Margaret J. Schneider

**FILED**

MAR 18 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND DISCOVERY MISCONDUCT

## I.    INTRODUCTION

Plaintiff, **Carmen Stoicescu, pro se**, respectfully moves this Court to impose **sanctions against Defendants** for **spoliation of evidence and bad-faith discovery conduct** under **FRCP 37(b), (c), and (e)**. Defendant's actions have **irreparably prejudiced Plaintiff's ability to litigate her claims**, necessitating severe sanctions, including:

1. **Striking Defendants' affirmative defenses** related to **wrongful termination, retaliation, and FMLA violations.**
2. **Issuing an adverse inference instruction** that the deleted and altered evidence **was unfavorable to Defendants.**
3. **Imposing monetary sanctions** against Defendants for **willful obstruction.**
4. **Compelling full discovery compliance** including the provision of all electronically stored information (ESI) to be provided in its native format, with intact metadata, to verify integrity of information.

## II. BACKGROUND

This case has been in **discovery since November 2024** and involves **ten primary claims,** including **hostile work environment and retaliation under the False Claims Act (FCA) and**

Title VII, defamation, intentional infliction of emotional distress (IIED), violations of the **Family and Medical Leave Act (FMLA), federal and Illinois Equal Pay Acts, and wrongful termination. All evidence remains in Defendant's possession, leaving Plaintiff entirely dependent on discovery to prepare and support her case. Without full and fair discovery, there is no path for Plaintiff, pro se, to obtain justice.**

Within **30 days of Plaintiff's service of the first set of discovery requests**, Defendant responded with **boilerplate objections** and **failed to engage in a meaningful meet and confer process.** Plaintiff attempted to resolve the dispute through **meet and confer by email**, per Court approval, and served **clarifications and updated interrogatories on December 23, 2024.** However, **Defendant failed to respond within 30 days and made no effort to engage in meet and confer discussions regarding any remaining clarifications.**

Due to **Defendant's continued refusal to engage in discovery**, Plaintiff **exhausted all informal resolution options** and filed a **Motion to Compel (MTC) on February 3, 2025,** which remains pending. **Only after the Court's intervention** did Defendant **finally engage in meet and confer on February 5, 2025,** but it **continued to ignore Plaintiff's clarifications and updated discovery requests.** Instead, on **February 19, 2025,** Defendant **responded again to the obsolete discovery requests** with **boilerplate objections and a single, incomplete production—Plaintiff's HR file—accompanied by a vague note stating "investigation continues."**

**The majority of discovery requests in this case pertain to emails, as the Defendants' employees worked remotely for all relevant periods since March 2020. Without spoliation of emails and without Defendants' obstruction of justice, the evidence sought by Plaintiff should be easily obtainable by Defendants.**

## III. DEFENDANT'S SPOLIATION OF EVIDENCE AND BAD FAITH DISCOVERY CONDUCT

Upon analyzing **Defendant's February 19, 2025, response**, it became evident that:

- **Defendants completely disregarded the updated interrogatories and clarifications served on December 23, 2024.**
- **Defendants continue to provide same boilerplate objections, and ambiguous and invalid responses like "investigation continues".**
- **Defendants failed to respond within 30 days of service of the updated interrogatories.**
- **Out of three interrogatories and seven Requests for Production (RFPs), Defendant produced only one document**, which had been **purged of all useful information before submission.**
- **Defendants failed to sign the interrogatory responses and provided no substantive answers,** in direct violation of discovery rules.
- **Defendants altered Plaintiff's HR file by removing key evidence, including Plaintiff's rebuttal to the disciplinary Letters of Expectation (LOEs).**

- **Defendants modified key documents, including the signature pages of the LOEs, creating multiple inconsistent versions of the same file over time.**
- **These alterations constitute spoliation of evidence, as they intentionally destroy or modify evidence critical to Plaintiff's claims.**

## IV. DEFENDANTS' DISCOVERY VIOLATIONS

Defendant's conduct **violates multiple provisions of the FRCP and Northern District of Illinois Local Rules**. Below are the specific violations:

### A. Violations of the Federal Rules of Civil Procedure (FRCP)

**1. FRCP 26(b)(1) – Scope of Discovery**

- **Defendants refused to produce relevant documents, falsely claiming they were irrelevant or privileged without proper justification.**
- **Examples:**
  - **Withheld comparator information and falsely stated they would provide data on "proper comparators" as determined solely by Defendants.**
  - **Refused to provide legal employer information.**
  - **Refused to state the reason for Plaintiff's termination.**
  - **Provided only boilerplate objections on December 9, 2024.**
  - **Produced a document that was either purged of critical information or entirely irrelevant to the request (see Dkt. 90-21).**

**2. FRCP 26(g) – Certification of Discovery Responses**

- **Defendants' attorneys submitted boilerplate objections and misleading responses without a reasonable basis in law or fact.**

**3. FRCP 33(b)(3) & (5) – Interrogatory Responses Must Be Complete and Signed**

- **Defendants failed to verify or sign interrogatory responses.**
- **Example: Defendants did not sign responses related to the reason for Plaintiff's termination (see Dkt. 90-21).**

**4. FRCP 34(b)(2) – Production of Documents**

- **Defendants failed to produce requested records, engaged in delay tactics, and falsely claimed compliance (see Exhibit F).**

**5. FRCP 37(b) – Failure to Comply with a Court Order**

- **Defendants ignored the spirit of the Court's intervention and continued obstructing discovery despite pending rulings (see February 19, 2025, responses, Dkt. 90-21).**

**6. FRCP 37(e) – Spoliation of Electronically Stored Information (ESI)**

- **Defendants deleted or withheld key electronic evidence, from Plaintiff HR File document HSC000001 – 000086, provided as discovery response on 02/19/2025:**
  - **Plaintiff's Internal Ethics Complaints (see Exhibit C).**
  - **FMLA records (see Exhibit B).**
  - **Plaintiff's emails (see Exhibit E).**
  - **Plaintiff's rebuttal letter in response to defamatory Letters of Expectation (see Exhibit A).**
  - **Plaintiff's Excellence Awards (see Exhibit D).**

**B. Violations of the Northern District of Illinois Local Rules**

**1. Local Rule 26.1 – Discovery and Scheduling**

- **Defendants failed to engage in meaningful discovery discussions and refused to provide substantive responses.**

**2. Local Rule 37.2 – Duty to Confer in Good Faith**

- **Defendants repeatedly refused to engage in good-faith meet and confer discussions, forcing Plaintiff to seek Court intervention unnecessarily.**

## V. DEFENDANT'S OBSTRUCTION OF JUSTICE

Defendants' obstruction of justice extends beyond technical discovery violations. Defendants have **altered or deleted records and emails from Plaintiff's HR file** (HSC000001-000086) provided in their discovery response and:

- Destroyed or concealed key evidence, including Plaintiff's Ethics Complaint, FMLA records, termination communications, rebuttals to disciplinary accusations (Exhibit A,C).
- Misrepresented discovery compliance to Plaintiff and the Court.(Exhibit F)
- Intentionally delayed discovery to allow for further evidence destruction.
- Purged, deleted, or concealed Plaintiff's emails from their records.(Exhibit A,C,E)

This conduct is not accidental—it is a deliberate effort to prevent Plaintiff from accessing incriminating evidence.

## VI. PLAINTIFF'S DAMAGES RESULTING FROM DEFENDANT'S MISCONDUCT

Defendant's spoliation of evidence has severely prejudiced Plaintiff's ability to litigate her claims. Key harms include:

1. **Deletion of Plaintiff's Ethics Complaint (2021) from Plaintiff's HR file.**

- o Prevents Plaintiff from proving the **initial protected disclosure** that triggered retaliation. (see Exhibit C)

2. **Removal of Ethics Complaint-Related Emails**
   - o Blocks Plaintiff from demonstrating retaliation, discrimination, and wrongful termination. (see Exhibit C)
3. **Deletion of Plaintiff's Rebuttal to the Letters of Expectation (2022)**
   - o **Destroys evidence** proving that Defendant's **defamatory accusations were fabrications.** (see Exhibit A)
4. **Manipulation of FMLA Records & Termination Letter**
   - o Defendant **deleted FMLA communications and altered leave dates** to fabricate a justification for termination. Deleted the termination letter. (see Exhibit B)
5. **Purging of Plaintiff's Archived Emails**
   - o **Erased all communication necessary to prove claims under Title VII, FCA, FMLA, and ADA.** (See Exhibit E)
6. **Erased Plaintiff Excellence Awards (**see exhibit D**)**

## V. REQUEST TO STRIKE AFFIRMATIVE DEFENSES

Due to Defendant's **egregious discovery violations**, Plaintiff requests that the Court **strike Defendant's affirmative defenses**, specifically:

1. **Wrongful Termination Affirmative Defense** – Defendants deleted termination records, Plaintiff's LOE rebuttal letter, and associated emails from Plaintiff's HR file (Exhibits A B and E) in a clear attempt to divert attention from their actions and fabricate reasons for Plaintiff's termination, to obtain an unfair advantage in litigation.
2. **Defamation and IIED Affirmative Defense-** Defendants deleted Plaintiff's rebuttal letters and excellence awards from Plaintiff's HR file, which are significant in demonstrating the recklessness and egregious conduct of Defendants' management and HR, and are essential to restoring Plaintiff's credible reputation. (Exhibits A and D). this way Defendants gain an unfair advantage in litigation.
3. **Retaliation Affirmative Defense (under FCA & Title VII)** – Defendant withheld Ethics complaints, relevant emails from Plaintiff's HR file, necessary to prove protected disclosure activity (Exhibit A, C and E). By deleting this evidence Defendants gain an unfair advantage in litigation, irreversibly damaging Plaintiff claim.
4. **FMLA Affirmative Defense** – Defendants deleted FMLA records, altered leave and termination dates, and deleted relevant emails in Plaintiff' HR file, in an attempt to create the false impression that Plaintiff was terminated outside the FMLA-protected period, or that they did not have proper notification. (Exhibit A and B), and support other narratives as well. By altering and deleting evidence from their records, Defendants can get a clear advantage in this litigation.

## VI. REQUESTED SANCTIONS

Pursuant to **FRCP 37(b), (c), and (e),** Plaintiff respectfully requests the following relief:

1. **Striking Defendant's Affirmative Defenses** for wrongful termination, retaliation, FMLA violations, Defamation and IIED.
2. **Monetary Sanctions** against Defendant and its attorneys for willful obstruction.
3. **An Adverse Inference Instruction** that the deleted evidence **would have been favorable to Plaintiff.**

## VII. CONCLUSION

Defendant's **bad faith discovery conduct** has **irreparably harmed Plaintiff's ability to obtain evidence** necessary to litigate her claims. Given the **severity and intentional nature of Defendant's actions**, Plaintiff **respectfully requests** that this Court:

- **Grant Plaintiff's Motion for Sanctions.**
- **Strike Defendant's Affirmative Defenses.**
- **Issue an Adverse Inference Instruction.**
- **Impose Monetary Sanctions.**
- **Grant any further relief deemed just and proper.**

**Respectfully submitted,**
*/s/ Carmen F. Stoicescu*                                          March 18, 2025

8674 Grandview Dr
Roscoe, Il 61073
Analina141@gmail.com
949-619-3062

**ATTACHMENTS:**
**EXHIBIT A - SPOLIATION OF EVIDENCE- REASON FOR TERMINATION – pg.8**
**EXHIBIT B - SPOLIATION OF EVIDENCE -TERMINATION AND FMLA – pg 16**
**EXHIBIT C - SPOLIATION OF EVIDENCE-PLAINTIFF'S ETHICS COMPLAINT pg 21**
**EXHIBIT D - SPOLIATION OF EVIDENCE – PLAINTIFF'S EXCELLENCE AWARDS – pg22**
**EXHIBIT E - SPOLIATION OF EVIDENCE – PLAINTIFF'S ARCHIVED EMAILS pg23**
**EXHIBIT F - FAILURE TO PRODUCE JOB DESCRIPTIONS AND WORK INSTRUCTIONS pg24**

## CERTIFICATE OF SERVICE

I certify that on March 18, 2025, I caused a copy of the foregoing **PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND DISCOVERY MISCONDUCT** to be filed electronically and served via notice of this filing to all parties by the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and registered *pro se* litigant.

*/s/ Carmen F. Stoicescu*

*pro se*

8674 Grandview Dr.
Roscoe, Il 61073
analina141@gmail.com
949-619-3062

7

# EXHIBIT A

## SPOLIATION OF EVIDENCE - REASON FOR TERMINATION

### I. Background

In response to Plaintiff's Interrogatories and Requests for Production regarding the reason for termination, Defendants avoided making any definitive statement regarding the reason for termination of Plaintiff, and instead pointed to two (disciplinary) Letters of Expectation (LOEs) as part of Plaintiff's HR file (Dkt 90-21), provided as Bates No. HSC000001-000086. However, Plaintiff's rebuttal letter, which was originally included in the HR file, has been entirely deleted, leaving only Defendants' LOEs in the record, unopposed.

Plaintiff's rebuttal letter—a critical document disproving the allegations in the LOEs—was submitted to her supervisor, HR, and an additional recipient on October 31, 2022. This rebuttal contained 53 pages of supporting evidence and directly refuted the LOEs' accusations. Its deletion constitutes spoliation of evidence, obstruction of justice, and a violation of 820 ILCS 40/2 (Illinois Personnel Record Review Act).

The removal of this key document directly prejudices Plaintiff's wrongful termination, defamation and IIED claims, and damages her professional reputation, as it allows the defamatory LOEs to stand unchallenged in her HR file.

## II. Facts Establishing Spoliation of Evidence

## A. Defendants' Production of an Incomplete HR File (HSC000001-000086)

During discovery, Defendants produced **HSC000001-000086\*** document per Plaintiff's request for production for **"HR file". This file c**ontains:

- **HSC000001-000051:** Employment forms signed before 2016 (**irrelevant**).

- **HSC000052-000057: Two Letters of Expectation (LOEs)** issued on **January 19, 2022, and September 26, 2022 (defamatory in nature**).

- **HSC000058-000076: Incomplete performance reviews and job history**, noting **termination on April 3, 2023, and FMLA start date of March 27, 2023.**

- **HSC000077-000086: EEOC-related letters**.

*\*This file cannot be uploaded before a protective order is issued due to personal information content, and the defamatory Letters of Expectation that are injurious to Plaintiff reputation.*

8

Despite producing the **LOEs**, Defendants **intentionally omitted Plaintiff's rebuttal letter**, which stated:

**"Not one of [Brian Smith's] accusations are based on the truth, and no evidence supports his allegations."**

The rebuttal was formally submitted, on October 31, 2022, via **email to HR and supervisors** and was originally part of Plaintiff's HR file, **but was later removed**.

## B. Evidence of Intentional Suppression and Falsification of Records

1. Contradictory LOEs Provided to Plaintiff in 2023 vs. 2025

- In 2023, Defendants provided Plaintiff and her attorneys with an HR file containing LOEs signed by Brian Smith and **including one of Plaintiff's rebuttal letters**.
- In 2025, the same LOEs in HSC000001-000086 had:
  - A different signature from Brian Smith, a second signature for Lisa Baker
  - A new note stating Plaintiff "refused to sign."
  - Plaintiff's rebuttal letter was completely removed, no rebuttal letter is any longer present in Plaintiff HR file produced in 2025.

These alterations create a false record, misrepresenting Plaintiff's response and fabricating a narrative of non-compliance.

2. Complete Removal of Termination-Related Emails and Other Documentation

- Defendants' response to Request for Production No. 1 (RFP No. 1) failed to produce any requested **termination-related emails**, despite Plaintiff identifying specific senders, recipients, and timeframes.
- The HSC000001-000086 file contained no termination-related communications— suggesting that emails were purged, deleted, or withheld.

This systematic deletion ensures that the only record available to justify Plaintiff's termination is the defamatory LOEs, which now stand unchallenged due to the deletion of Plaintiff's rebuttal. These emails impact Plaintiff ability to gain evidence and support t=her claims of Wrongful termination, retaliation under both FCA and Title 7, Defamation and IIED, and FMLA vioaltion

---

## III. Legal Violations and Case Precedent

## A. Spoliation of Evidence & Violation of 820 ILCS 40/2

Defendants' conduct constitutes **spoliation of evidence**, which occurs when a party **destroys, alters, or withholds relevant documents.**

**820 ILCS 40/2 (Illinois Personnel Record Review Act) states:**

**"Employers must include any written statements of disagreement in personnel records so they are provided together to any third party requesting such records."**

Defendants' **deletion of Plaintiff's rebuttal letter** violated this statute, **allowing defamatory allegations to stand unchallenged** and **removing exonerating evidence**.

### B. Case Law Supporting Sanctions for Evidence Destruction

In Northington v. H & M Intern., Not Reported in F.Supp.2d (2011), the court held that:

"Defendant violated its duty to preserve evidence by failing to ensure relevant documents were maintained and by allowing interested employees to determine the relevance of documents, which could lead to the deletion of unfavorable materials."

Similarly, in this case, Defendants:

- Allowed individuals with direct conflicts of interest (Brian Smith, Lisa Baker, Jackie Klimek) to control Plaintiff's HR file, and possible to have a role in Plaintiff's termination, and spoliation of evidence..

- Failed to implement safeguards against document tampering

- Destroyed or withheld termination-related emails that could further demonstrate misconduct.

- Or direct the same individuals to create a hostile environment to have the Plaintiff quit.

## IV. Impact on Plaintiff's Wrongful Termination, Retaliation, Defamation and IIED Claim

**The removal of Plaintiff's rebuttal letter creates a false and misleading record, supporting Defendants' fabricated justification for termination. The LOEs:**

- **Are defamatory in nature, falsely portraying Plaintiff as a problematic employee.**

- **Remain unchallenged in the official record due to Defendants' suppression of Plaintiff's rebuttal.**

- **Weaken Plaintiff's emotional distress and defamation claims by removing crucial evidence of supervisor reckless and egregious conduct.**

**Without the rebuttal letter, Defendants' affirmative defenses appear more credible, despite being built on falsified and incomplete records, while preventing Plaintiff from discover and obtain the evidence in support of her claims. Defendants gain clear advantage from deleting evidence from file, in this litigation.**

The deletion of emails constitutes the deletion of critical evidence, as all work during the relevant period was conducted remotely, and email was the primary means of communication.

## V. Conclusion & Request for Sanctions

Defendants' **spoliation of evidence, falsification of records, and violation of statutory obligations** directly impact Plaintiff's **wrongful termination, retaliation under both FCA and Title 7, defamation/IIED as well as FMLA violation claims**.

- Plaintiff's rebuttal letter and associated emails —**an essential piece of evidence**—was **deleted or withheld** from her HR file **produced in discovery (HSC000001-000086).**
- Defendants **altered the LOE signature page multiple times**, using it as a **manufactured justification for termination.**
- **Defendants systematically deleted termination-related emails, letter of rebuttal of accusations emails, preventing Plaintiff from accessing key evidence.**

Defendants' actions **undermine the integrity of the judicial process** and **prejudice Plaintiff's ability to present her case**, warranting severe sanctions.

## LEGAL BASIS FOR SANCTIONS

Spoliation of evidence warrants sanctions when:

1. **A duty to preserve the evidence existed.**
2. **The duty was breached.**
3. **The opposing party suffered harm due to the breach.**
4. **The breach resulted from willfulness, bad faith, or fault.**

In **Cohn v. Guaranteed Rate, Inc., 318 F.R.D. 350 (2016)**, courts **struck affirmative defenses** where an employer **intentionally altered or removed personnel records** to gain an unfair advantage in litigation.

**Exhibit A1** – **Plaintiff email and the attachment sent to Jackie Klimek, Brian Smith and Lisa Baker as official response to the (disciplinary) Letter of Expectation of Brian Smith.**

This email (next page) was deleted or withhold from Plaintiff HR file that Defendants provided in response to wrongful termination interrogatory and RFPs, BATES number file: HSC000001-000086. The attachment to the email is the plaintiff rebuttal letter, that was also deleted from the HR file, same HSC000001-000086. See the email sent October 31, 2022 next.



**From:** Stoicescu, Carmen F Collins
**Sent:** Monday, October 31, 2022 8:37 AM
**To:** Klimek, Jackie M Collins <jackie.klimek@collins.com>
**Subject:** FW: low Oct13 2022 for Brian Smith.pptx

FYI.

Regards, Carmen Stoicescu

**From:** Stoicescu, Carmen F Collins
**Sent:** Monday, October 31, 2022 8:29 AM
**To:** Smith, Brian Collins <Brian.Smith6@collins.com>
**Cc:** Baker, Lisa D Collins <Lisa.Baker@collins.com>
**Subject:** low Oct13 2022 for Brian Smith.pptx

> **EMAIL was sent to:**
> - **Smith (supervisor)**
> - **Baker (HR) and**
> - **Klimek (second level manager)**

Hi Brian, here is my written response to you, regarding the recent LOE.
I am saying in order to make such allegation, all of a sudden, after you did not mention any of these to me, I am asking for evidence that anything here is even remotely true. Asking for evidence for each and every one of these. I added all facts as they are shown in the emails attached.

Once you line up the evidence with your allegation to have any basis with reality, and they become more than insults, I shall consider them. Until then they remain an failed attach to stain my name and professional standing, coming absolutely out of thin air, and after at least for year now you said nothing of this nature, or, when you did, I responded entirely to clarify any misunderstanding (see your first claim).

I took training, all that could be found, per my earlier emails.

> **Carmen Stoicescu, October 31, 2022**
> **Formal Response to Brian Smith's**
> **Letter of Expectations of September 2022**

Regards, Carmen

One attachment · Scanned by Gmail ⓘ

[P] low Oct13 2022 fo...

**See next the enlarged view of the attachment sent October 31, 2022**

12

**Enlarged view of the attachment sent October 31, 2022**

### Carmen Stoicescu, October 31, 2022 formal response to Brian Smith's Letter of Expectations of September 2022

- This is my official signed copy in response to Brian Smith Letter of Expectations, addressed to Brian Smith
    - I agree with all policies in terms of behavior issued by the company
- I agree I should continue to work to improve my behavior each day, especially when under pressure, cajoled and harassed, to maintained constant composure and communication coolness, professional behavior under any adverse conditions, as well as during normal professional interaction with others, regardless of their level of perceived integrity.
- I understand and agree with all company policies in term of behavior, professional conduct and everything applicable to working behavior.
- However for allegations raised by Brian Smith, see the detail response attached. Not one of his accusations are based on the truth. And no evidence supports his allegations.
    - I took additional training as indicated
    - This is my signed copy of Oct 31st, 2022

## Exhibit A2: SPOLIATION OF EVIDENCE – LETTER OF EXPECTATION SIGNATURE PAGE

Defendants have engaged in **spoliation of evidence and falsification of records** by **continuously modifying the signature page** of the **Letter of Expectation (LOE)** over the course of multiple years.

The **HR file (HSC000001-000086)**, which Defendants provided in response to **all of Plaintiff's Requests for Production (RFPs) as HR file,** contained at times **three different versions** of the LOE signature page, each reflecting **significant alterations, as follows and shown on next page**:

1. **September 2022:** The LOE was initially **sent without any signatures**
2. **Early 2023:** The same LOE **suddenly contained one signature.**
3. **February 19, 2025:** The LOE now has **two signatures and an additional note falsely stating Plaintiff "refused to sign."**

At different times, each of these versions was **included in Plaintiff's HR file**, demonstrating **a pattern of post-hoc document tampering and fabrication.** These modifications create a **false**

**record** that **misrepresents Plaintiff's response** to the LOE and is being used to **justify her termination under false pretenses.**

## EVIDENCE OF ALTERATION

Below are copies of the **three versions of the LOE signature page**, showing the **progressive changes** made by Defendants to manufacture a false narrative:



These modifications **constitute spoliation of evidence, obstruction of justice, and bad faith litigation conduct**, warranting **severe sanctions** against Defendants.

Despite Defendants' claim that Plaintiff "refused to sign" the LOEs, the reality is:

- All of Plaintiff's responses were either signed or sent from her work email, in line with how Brian Smith and HR communicated with her during remote work.

- The LOEs were originally sent without signatures from Smith or HR.

- Plaintiff's formal signed response disputing the LOEs was deleted, enabling Defendants to fabricate a narrative of non-compliance.

- The Plaintiff never agreed with the Brian Smith's LOEs. They were treated as defamation, and responded to them without delay.

To date, Defendants have produced only one (and incomplete) document (HSC000001-000086), from which much of the requested information has been removed or was never uploaded. The HR file no longer contains critical evidence needed to support Plaintiff's claims.

This pattern of evidence destruction appears to have escalated after Plaintiff refused to sign the separation package in February 2023, which would have required her to waive all claims against Defendants. **In June and July 2023, when Plaintiff's attorneys indicated their intent to**

14

**litigate, Defendants started systematically to removed incriminating evidence from their systems in anticipation of legal proceedings.**

## LEGAL BASIS FOR SANCTIONS

Spoliation of evidence, particularly the removal or manipulation of personnel records, warrants sanctions when:

1. A duty to preserve the evidence existed.

2. The duty was breached.

3. The opposing party suffered harm due to the breach.

4. The breach resulted from willfulness, bad faith, or fault.

As established in Cohn v. Guaranteed Rate, Inc., 318 F.R.D. 350 (2016), courts have imposed sanctions, including striking defenses, when an employer intentionally alters or removes documents from an employee's personnel file to gain an unfair advantage in litigation.

## RELIEF REQUESTED

Defendants' conduct undermines the integrity of the judicial process and prejudices Plaintiff's ability to present her case, warranting severe sanctions. See relief and sanctions on page 11.

-

# EXHIBIT B

## SPOLIATION OF EVIDENCE RELATED TO TERMINATION AND FMLA

The following modifications were made in an effort to falsify and alter the sequence of events surrounding Plaintiff's termination:

- The Plaintiff's HR file as modified to show Plaintiff was **not** terminated 3 days after announcing FMLA, as it was the case.
- Plaintiff's FMLA announcement was deleted from the HR file. There is no notification of Plaintiff regarding the medical leave since February 19, 2025.
- There is no mention of any METLIFE short term disability or FMLA approval
- There is no letter of termination in the HR file
- There is no disability claim approval in Plaintiff HR file
- All dates are erroneous regarding FMLA, and last day worked, all being moved 2 months out, to March 2023, from January 2023.

**The letter of termination deleted from the HR file (or not uploaded) shown next.**

16

**The letter of termination received by Plaintiff on JANUARY 17, 2023 SHOWN BELOW: "LAST DAY WORKED WAS effective January 13, 2023, the third day into FMLA**

However, this is contradiction with the HR file, see next page, modified retroactively to show last day of work was **March 26, 2023**

---

Carmen Stoicescu
8674 Grandview Drive
Roscoe, IL 61073

January 13, 2023

Carmen,

> Letter received January 17, 2023. **No letterhead** . Sent Fedex on
> January 16, 2023 from Rockwell Collins, letter is back-dated January 13,
> 2023. Severance package info sent at same time, in return of releasing
> Company of liabilities. Severance never signed.

Per our conversation on Friday, January 13, 2023 your last day worked was effective January 13, 2023 and your employment will terminate effective March 2, 2023. The Company will need to collect information from you, to provide you with Shipping information to return Company assets and/or make arrangements for their retrieval. Please provide the following:

- Asset tag number(s) to the Company Computer and an itemized list of any other Company issued equipment
- Personal email –
- Contact number –
- Mailing address of where your company computer/equipment is located?

Once I have the asset tag number (s) , I will forward you shipping instructions (no cost to you) for items that can be returned via FedEx and any further instructions, as necessary.

You may send the information directly to me (Lisa.baker@collins.com) or via phone call 817-480-3391.

We will need to retrieve the assets immediately. I have included an exit checklist for your convenience.

Thanks,

**Lisa Baker** |Assoc. Director, Employee /Labor Relations| Mission Systems
**COLLINS AEROSPACE**
3200 East Renner Road, MS 461-100, Richardson, TX 75082-2402
**Tel:** +1 817-480-3391 | **FAX:** +1 234 567 8910
lisa.baker@collins.com | collinsaerospace.com

---

**HR file records shown here**, provided February 19, 2025 were altered in June of 2023, months after Plaintiff's termination. By altering this record, Defendants present a different story, in which the Plaintiff's last day of work was MARCH 26, 2023, when in reality the real last day was January 9, 2023.



**METLIFE, the Defendants' claim administrator, confirmation letter that my FMLA started January 10, 2023**

MetLife Disability
P O Box 14590
Lexington, KY 40512-4590

**FMLA started January 10, 2023
Contrary to the altered HS
Plaintiff file HSC000001-000086,
Stating date was March 27, 2023**

 MetLife

ity Claims

Metropolitan Life Insurance Company
Absence Number: KP994AA23811
Employee ID: 921683987
Employer: Raytheon Technologies

February 27, 2023

Carmen Stoicescu
8674 Grandview Dr
Roscoe, IL 61073

## We approved your leave request – Please review

### Why we're contacting you

We recently received a Health Care Provider Certification (HCPC) and/or other information related to your Family and Medical Leave (FML) request. As a result, we have approved your leave request starting January 10, 2023.

### What you need to know

We will count absences between January 10, 2023 and April 3, 2023 as leave under the federal Family and Medical Leave Act (FMLA), similar state leave laws and/or any similar company-specific leaves under your employer's absence program that are administered by MetLife as long as you remain eligible.

- Your leave year (as defined by your employer) is a 12-month period that starts on your first date of absence within the given year. If your employer's chosen entitlement method is calendar year, we will recheck your eligibility as of your first absence within the new calendar year. If you are still eligible, you may have to submit a new certification, even if the current one has not expired.
- MetLife may, under certain circumstances, request a recertification of your need for leave before your current certification ends. We will contact you in writing if your need for leave requires a new HCPC, a recertification or other information.
- No matter how much leave time you request, you are only entitled to the amount available under applicable federal FMLA, similar state leave laws and/or any similar company-specific leaves under your employer's absence program that are administered by MetLife.
- Your employer requires you to use your accrued paid time off during unpaid family and medical leave, as appropriate.
- Your employer requires a fitness-for-duty certification from your health care provider. You may not be able to return to work until they receive it.

### What you need to do

There is nothing you need to do at this time. You may need to provide us with a new HCPC or other information if you need additional leave after the approved through date listed above.

### We're here to help

You can reach us by:
- Phone: 1-888-482-5246
- Fax: 800-230-9531
- Email: RTX@metlife.com

Representatives are available Monday through Friday from 8 a.m. to 11 p.m. Eastern time. Please have your claim number available to receive faster service.

# Wrongful Termination and FMLA violation - Evidence Spoliation

- Plaintiff's FMLA leave documentation and communications are crucial to proving that her termination was retaliatory and discriminatory.
- By altering employment records and omitting key leave-related communications, Defendants are rewriting history to fabricate a false basis for termination. Defendants' failure to produce FMLA leave records obstructs Plaintiff's ability to demonstrate compliance with leave procedures and her entitlement to protections under federal law.
- Defendants' refusal to produce responsive documents indicates bad faith and intentional obstruction.
- The deliberate deletion of Plaintiff's **communications regarding her leave, pay, and termination** prevents her from establishing a factual record in her case.
- Defendants in this case due to their actions or falsifying evidence gain advantage in litigation. Plaintiff being at disadvantage, not being able to get information to support her claim, creates an unfair advantage for Defendants.

# EXHIBIT C

## SPOLIATION OF EVIDENCE – PLAINTIFF'S ETHICS COMPLAINT DOCUMENTATION

Defendants have engaged in **spoliation of evidence** by **removing or concealing all records of** Plaintiff's Ethics Complaints and related communications from March to August 2021.

In response to Plaintiff's Request for Production No. 4, seeking her Ethics Complaint and all related emails and documentation, Defendants provided only boilerplate objections and referred to HSC000001-000086, which contains no trace of Plaintiff's Ethics Complaint or any relevant communications.

At the time, Plaintiff worked exclusively remotely, meaning that all communications regarding the Ethics Complaint were conducted via email or electronic records. Yet, both the Ethics Department's documentation of the complaint and all associated emails have been completely deleted from Plaintiff's HR file.

This deliberate deletion or suppression is part of Defendants' broader strategy of spoliation, ensuring that:

- Plaintiff is denied access to evidence supporting her claims of retaliation and wrongful termination.

- There is no record of the complaints against Defendants' key personnel, shielding them from accountability.

- Plaintiff cannot establish a timeline of events proving her protected activity and subsequent retaliation.

Defendants' destruction of this critical evidence obstructs justice and prejudices Plaintiff's ability to present her case, warranting sanctions, including striking Defendants' affirmative defenses related to wrongful termination, retaliation, and discrimination.

# EXHIBIT D

## SPOLIATION OF EVIDENCE – PLAINTIFF'S EXCELLENCE AWARDS

Defendants have engaged in spoliation of evidence by removing all records of Plaintiff's Excellence Awards from 2012 through termination from the HR file.

In response to Plaintiff's Request for Production No. 3, seeking a complete record of her Excellence Awards, Defendants provided only boilerplate objections and referred to HSC000001-000086, which contained no trace of any awards—not even the nine awards list that Plaintiff was able to retrieve from the People Services in 2023 (a vendor for Defendants that administer the awards) that covered only years 2020 and 2021. These awards, normally part of an employee's HR file, have been intentionally purged.

This deletion is part of a broader strategy of spoliation by employees with conflicts of interest, including Brian Smith, who was responsible for maintaining recognition records but has a documented history of retaliation and misrepresentations against Plaintiff. By removing these awards:

- Plaintiff's professional reputation and performance record are deliberately undermined.

- Validation of Plaintiff's work is now falsely limited to performance reviews controlled by Smith, who authored defamatory LOEs and was previously reported for retaliation.

- Plaintiff is prevented from presenting objective evidence of her excellence, as all potential peer witnesses remain employed by Defendants.

The erasure of these records is deliberate obstruction of justice and further evidence of Defendants' pattern of document tampering. Accordingly, Plaintiff seeks sanctions striking Defendants' affirmative defenses related to wrongful termination, and hostile environment.

22

# EXHIBIT E

## SPOLIATION OF EVIDENCE – PLAINTIFF'S ARCHIVED EMAILS

Defendants have engaged in **spoliation of evidence** by **removing or concealing all records of Plaintiff's archived work emails**, which should have been retrievable for up to **10 years** under standard data retention policies.

In response to **Plaintiff's Request for Production No. 5**, seeking access to her **archived work emails**, Defendants **provided only boilerplate objections** and referred to **HSC000001-000086**, which contained **no emails whatsoever**. Either these emails were **purged, withheld, or never uploaded**, but they are **no longer present** in the file produced by Defendants. In addition, the supplemental response included the sentence: *"investigation continues"*, which is another deceiving tactic, as there is nothing to investigate, it is document production. There was no investigation required to produce emails from Plaintiff email account. If Defendants deleted emails, or hid them, no investigation offered by themselves into themselves will bring those emails to surface. Investigation can continue only after providing what is already available and in their possession, and not after 30 days.

This **deliberate deletion or concealment** is part of **Defendants' ongoing strategy of spoliation**, ensuring that Plaintiff is denied access to **critical communications** records necessary to support her claims. Given that Defendants work was remote for the most relevant years, these archived emails contained essential evidence regarding:

- Work assignments and communications relevant to her protected disclosures, retaliation, and hostile environment claims, both under FCA and Title VII, Defamation and IIED, as well as wrongful termination under all statutes, FMLA included.
- **Performance-related exchanges** disproving Defendants' false justifications for termination.
- Evidence of **retaliation and discrimination** that Defendants now seek to erase.

By preventing Plaintiff from accessing this evidence, erasing or hiding this evidence, **Defendants gain an unfair advantage by obstructing justice** and shielding themselves from accountability. Their conduct **warrants sanctions**, including **striking Defendants' affirmative defenses related to wrongful termination, hostile environment, and retaliation under FCA and Title VII.**

# EXHIBIT F

## DEFENDANTS FAILURE TO PRODUCE JOB DESCRIPTIONS AND WORK INSTRUCTIONS

Defendants have **failed to comply** with discovery obligations by refusing to produce **job descriptions for analysts** and **work instructions and policies relevant to structural engineers' work authored by Bill Conroy**, as requested in **Plaintiff's Request for Production Nos. 6 and 7.**

### I. DEFENDANTS' RESPONSE & FAILURE TO PRODUCE DOCUMENTS

In response to **RFP Nos. 6 and 7**, as well as to all other RFPs from No 1 to No 7, Defendants provided **boilerplate objections** and the following identical **Supplemental Response for all RFPs:**

**"Subject to and without waiving said objections, see responsive documents produced herewith, Bates stamped HSC000001-000086. Investigation continues."**

However, the **Bates-stamped file HSC000001-000086** is **Plaintiff's HR file**, which:

- **Does not contain any of the requested job descriptions or work instructions.**
- **Does not belong in response to this request, making its reference a misleading response.**
- **Has been the only document provided by Defendants since the beginning of discovery.**

### II. DEFENDANTS' TACTIC OF FALSE COMPLIANCE

This response follows the **same pattern of obstruction and spoliation of evidence** that Defendants have employed throughout discovery. Rather than producing the requested materials, Defendants have:

- **Cited an entirely irrelevant document (Plaintiff's HR file) to falsely appear compliant.**
- **Failed to provide any of the requested job descriptions or work instructions, which are critical to Plaintiff's claims of discrimination and equal pay.**

24