## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

CARMEN F. STOICESCU,

*Plaintiff,*

v.

Case No.: 24-cv-50018

HAMILTON SUNDSTRAND CORPORATION D/B/A COLLINS AEROSPACE, RTX CORPORATION, HAMILTON SUNDSTRAND SPACE SYSTEMS INTERNATIONAL, INC. D/B/A COLLINS AEROSPACE

JUDGE IAIN D. JOHNSTON

*Defendants.*

## MEMORANDUM OPINION AND ORDER

Plaintiff Carmen Stoicescu brings claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), the Family and Medical Leave Act (FMLA), the Americans with Disability Act (ADA), the Equal Pay Act (EPA), and the Illinois Equal Pay Act (IEPA), alleging that Defendants created a hostile work environment and discriminated against her because of her age, gender, disability, and national origin. Plaintiff also brings claims of intentional infliction of emotional distress (IIED), defamation, and retaliation in violation of public policy, the False Claims Act (FCA), and the Illinois False Claims Act (IFCA). Plaintiff now moves to strike all twelve of Defendants' affirmative defenses. For the following reasons, Plaintiff's motion is granted as to Affirmative Defenses 1-3 in relation to her EPA claims and Affirmative Defenses 9 and 11 in their entirety but denied for all others.

1

## LEGAL STANDARD

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Defenses that "are sufficient as a matter of law" or "present questions of law or fact" are generally not stricken; a defense needs to be "insufficient on the face of the pleadings" to be stricken. *Id.*; *see also* Fed. R. Civ. P. 12(f).[1] Although they sometimes remove unnecessary clutter and expedite a case, motions to strike are generally disfavored because they "potentially serve only to delay." *Heller*, 883 F.2d at 1294; *see also Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786, at *1 (N.D. Ill. Mar. 4, 2020) ("All too often, motions to strike don't speed things up – they slow things down."); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *1. Thus, affirmative defenses will not be stricken "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations omitted).

## DISCUSSION

Plaintiff seeks to strike all twelve of Defendants' affirmative defenses.

---

[1] The Seventh Circuit has yet to address whether the plausibility standard form *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, and district courts are split on the issue. *See* 2 James Wm. Moore et al., *Moore's Federal Practice – Civil § 8.08 (3d ed. 2024).* But the Court need not decide at this time which direction to take because it does not affect the analysis in this opinion.

However, Plaintiff has an apparent misunderstanding of the definition of an affirmative defense, Defendants' burden at this stage in the litigation, and what a motion to strike entails. "[A] defense is an affirmative defense (a) if the defendant bears the burden of proof . . . or (b) if it does not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (internal citations and quotations omitted). An affirmative defense then "assumes the plaintiff can prove everything she must to establish her claim but may still act to defeat her claim." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 (7th Cir. 2019).

In their answer, Defendants "must affirmatively state . . . affirmative defenses" "in short and plain terms." FRCP Rule 8. As a preliminary matter, the Court notes that all twelve affirmative defenses are sufficiently plead to meet this low standard. Additionally, the purpose of pleading an affirmative defense at this stage is simply "to avoid surprise and give the opposing party an opportunity to respond," not to prove the validity of these defenses. JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.08[1] (3d ed. 2021). Many of Plaintiff's challenges also rely on her allegation that the defenses are premature as they rely on questions of law or fact that have not yet been decided. However, this is the exact standard set forth by the Seventh Circuit describing when *not* to strike an affirmative defense. *See Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck… if they present questions of law or fact."). Therefore, any arguments made by Plaintiff alleging Defendants' affirmative defenses are insufficiently plead or premature will not be addressed any further.

In granting parts of Plaintiff's motion, the Court is confirming "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Codest Engineering v. Hyatt Intern. Corp.*, No. 94 C 7335, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996) (internal quotation omitted). On the other hand, the Court wants to make clear that, in denying other parts of Plaintiff's motion, it is not deciding these questions of fact and law in favor of Defendants. The Court is simply giving Defendants the opportunity to argue the relevant law and underlying facts that would limit Defendants' liability *if* they were proven. *See Williams*, 944 F.2d at 1400 ("[I]f the factual [and legal] underpinnings of this defense were to be proven, it might well represent" an affirmative defense.). The Court is not deciding that the affirmative defense *will* bar any claims or limit any liability.

## A. First Affirmative Defense

Defendants' first affirmative defense is based on Plaintiff's alleged failure to exhaust administrative remedies related to her Title VII, ADA, ADEA, and EPA claims. Dkt. 49, at 107-08. Plaintiff correctly argues that her EPA claims do not require exhaustion. Dkt. 57, at 2. To bring claims under the federal EPA, there is "no requirement of filing administrative complaints and awaiting administrative conciliation efforts." *Washington County v. Gunther*, 452 U.S. 161, 175 n. 14 (1981). The Illinois EPA also does not include an exhaustion requirement but rather allows employees to "recover in a civil action any damages incurred." 820 ILCS 112/30(a). Additionally, Defendants fail to respond to this argument as it relates to the EPA

4

claims, so it is waived. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Therefore, Plaintiff's motion to strike the affirmative defense of failure to exhaust is granted in relation to her federal and Illinois EPA claims.

Plaintiff also argues that failure to exhaust administrative remedies is simply not an affirmative defense "as it does not constitute an admission of facts coupled with an alternative reason for non-liability" and should be raised in a motion to dismiss. Dkt. 57, at 2 (citing *Sloan Valve Co. v. Zurn Industries, Inc.*, No. 10-CV-204, 712 F. Supp. 2d 743, 749 (N.D. Ill. May 4, 2010)). However, the Supreme Court and Seventh Circuit have held that exhaustion *is* an affirmative defense. *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967) ("[I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies . . . have not been exhausted."); *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) ("A failure to exhaust is normally considered to be an affirmative defense."); *Palmer v. Indiana University*, 31 F.4th 583, 588 (7th Cir. 2022) ("Title VII [] discrimination claims are time-barred if not first filed with the EEOC."). A legal defense may also be raised "in any pleading allowed or ordered under Rule 7(a)" which includes an answer to a complaint. FRCP Rule 12(h)(2). Thus, failure to exhaust administrative remedies is an affirmative defense that is properly raised at this time.

Finally, Plaintiff argues that this affirmative defense should be stricken because she exhausted her administrative remedies as to Collins Aerospace which

covers all Defendants as they are "joint employers." Dkt. 57, at 2. However, making this determination would require "a fact-intensive inquiry" that cannot be decided at this time. *Penteris v. Citgo Petroleum Corp.*, No. 14 C 3490, 104 F. Supp. 3d 894, 900 (N.D. Ill. May 5, 2015); *see also N.L.R.B. v. Western Temporary Services, Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) (explaining that the National Labor Relations Board applying the joint employer "standard presents an issue of fact"). Therefore, Plaintiff's motion to strike the exhaustion affirmative defense is granted without prejudice as to her EPA claims but denied for her Title VII, ADA, and ADEA claims.

### B. Second Affirmative Defense

Defendants' second affirmative defense is a statute of limitations defense. Defendants properly cite the 300-day time limit for Title VII, ADEA, and ADA claims to be filed with the EEOC and the one-year statute of limitation for the defamation claim.[2] Dkt. 49, at 108; *see also* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (AEDA); 42 U.S.C. § 12117(a) (applying 42 U.S.C. § 2000e-5(e)(1) to ADA); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) (defamation). Plaintiff challenges this defense for its failure to provide factual support. Dkt. 57, at 3. Plaintiff makes this argument in reliance on *Dace* where the court found that the statute of limitations defenses should be stricken because it failed to even "set forth the specific [] statute of limitations it is relying on or explain why Plaintiffs' claims are time barred." *Dace v. Chicago Public Schools*, No. 19 C

---

[2] As discussed earlier, the EPA claims do not require filing a complaint and thus, this 300-day limit does not apply to those claims.

6819, 2020 WL 1861671, at *6 (N.D. Ill. Mar. 18, 2020). Unlike the defendant in that case, Defendants here provided the applicable statutes of limitations and, although very brief, provided their argument as to why the statutes had run. Thus, the non-binding opinion of *Dace* is not applicable here. However, the only statute of limitations described by Defendants for Plaintiff's EPA claims is that of the EEOC time requirement which, as discussed above, is not applicable to EPA claims. As no other statute of limitations is cited in relation to the EPA claims, this part of the affirmative defense does not provide a sufficient factual basis.

Plaintiff also argues that the statutes of limitations were paused or extended for several reasons including the "continuing violation theory," EPA's last paycheck rule, her legal disability, and the relation back doctrine. Dkt. 57, at 3-4. She also alleges that Defendants incorrectly calculated the relevant time periods. *Id.* at 4. However, all of these arguments require some factual or legal inquiry that would be inappropriate to decide at this time. Therefore, Plaintiff's motion to strike the second affirmative defense is denied except as to the EPA claims which is stricken without prejudice.

## C. Third Affirmative Defense

Defendants' third affirmative defense argues that several of Plaintiff's claims "rely on conduct outside the scope of her underlying charge of discrimination, including the allegations that RTX and HSSSI discriminated or retaliated against her." Dkt. 49, at 108. Conversely, Plaintiff argues that she made a good faith effort to include all the employers in her EEOC complaint and her failure to do so is harmless

7

as they are joint employers. Dkt. 57, at 4; Dkt. 65, at 6. As discussed above, this presents an issue of fact that cannot be decided at this time. Plaintiff's argument that she made a good-faith effort to include all the defendants in her EEOC claim also requires a factual inquiry that would be inappropriate to resolve at this time.

Once again, EPA claims do not require an EEOC filing so conduct being outside the scope of Plaintiff's EEOC claim has no impact on her EPA claims. Plaintiff's motion to strike the third affirmative defense is granted without prejudice in reference to the EPA claims but denied for the Title VII, ADEA, and ADA claims.

### D. Fourth, Fifth, and Sixth Affirmative Defenses

Defendants' fourth, fifth, and sixth affirmative defenses are preemption arguments – Illinois Human Rights Act preemption of the retaliation and IIED claims and Illinois Workers' Compensation Act preemption of the IIED claim. Dkt. 49, at 109-110. Plaintiff makes arguments about the merits of each of these preemption defenses which all require further analysis that cannot be completed this early in the litigation. Therefore, Plaintiff's motion to strike is denied for these affirmative defenses.

### E. Seventh Affirmative Defense

Defendants' seventh affirmative defense argues that Plaintiff's defamation claim is barred because the statements were true, privileged, or consented to by Plaintiff. Dkt. 49, at 110. Generally, truthfulness, privilege, and consent are all affirmative defenses to defamation claims that require resolving a question of law or

fact. *See Haynes v. Alfred A. Knopf, Inc.*, 8. F.3d 1222, 1227 (7th Cir. 1993) ("It would take a trial to decide . . . if the gist of a defamatory statement is true" which would render the defamation claim "not actionable."); *Thompson v. Frank*, 730 N.E.2d 143, 145 (Ill. App. Ct. 2000) ("An absolute privilege provides a complete bar to a claim for defamation… Whether an allegedly defamatory statement is subject to an absolute privilege is a question of law.") (internal citations omitted); *Leyshon v. Diehl Controls North America, Inc.*, 946 N.E.2d 864, 873 (Ill. App. Ct. 2010) (citing the Restatement (Second) of Torts §§ 583, 584 to explain that "consent of the person defamed is a complete defense to an action for defamation"). In her motion to strike, Plaintiff addresses the merits of this defense which, as previously discussed, is not appropriate at this stage in the litigation. Therefore, Plaintiff's motion to strike the seventh affirmative defense is denied.

### F. Eight Affirmative Defense

Defendants' eighth affirmative defense alleges that Plaintiff failed to mitigate her damages. Dkt. 49, at 110. Plaintiff argues that this defense is not sufficiently supported. Dkt. 57, at 8. "Although Defendant[s] do[] not allege any facts in support of [their] failure to mitigate assertion, courts typically permit a conclusory failure to mitigate damages affirmative defense because defendants are usually unable to learn the factual specifics of the plaintiff's mitigation efforts without discovery." *Dace*, 2020 WL 1861671, at *7 (internal quotations omitted). As discovery has barely begun, this lack of factual foundation does not warrant striking this affirmative defense. Plaintiff's motion to strike the eighth affirmative defense is denied.

9

### G. Ninth Affirmative Defense

Defendants' ninth affirmative defense argues that the allegedly illegal actions taken by their employees was done outside of those employees' scope of employment. Dkt. 49, at 111. Plaintiff argues that this is simply a denial of her allegations and not truly an affirmative defense. Dkt. 57, at 8. For defenses not listed in 8(c), the Seventh Circuit has instructed that "[a] defense is affirmative [] 'if the defendant bears the burden of proof under relevant law.'" *Thirteen Inv. Co. v. Foremost Ins. Co.*, 67 F.4th 389, 391 (7th Cir. 2023) (quoting *Winforge*, 691 F.3d at 872). Since "[t]he burden is on the plaintiff to show the contemporaneous relationship between tortious act and scope of employment," this is not an affirmative defense. *Pyne v. Witmer*, 543 N.E.2d 1304, 1309 (Ill. 1989). Plaintiff's motion to strike the ninth affirmative defense is granted.

### H. Tenth Affirmative Defense

Defendants' tenth affirmative defense denies any discriminatory reason for terminating Plaintiff and alleges that, even if there was discrimination involved, Defendants would have made the same decision for legitimate reasons. Dkt. 49, at 111. Simply denying that their decision was motivated by discrimination is not an affirmative defense as this assertion has already been put at issue by Defendants' denials in their answer to Plaintiff's statement of facts ¶ 202, and counts 1.23, 2.6, 3.4, and 6.16. Def.'s Answer, Dkt. 49 at 75, 81, 83, 85, 93. Thus, permitting this affirmative defense would be "both unnecessary and inappropriate." *Biglands v. Maysville Regional Water and Sewer Dist.*, No. 12-CV-00067, 2012 WL 2130555, at

*5 (N.D. Ind. June 12, 2012) (citing *Winding v. Pier Mgmt. Serv.*, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997).

However, it is an affirmative defense if Defendants are asserting a mixed motive, meaning that *both* legal and illegal considerations led to their decision, with the legal considerations being sufficient on their own. *See Desert Palaca, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (After a plaintiff has established a discriminatory reason for termination, "the employer has a limited affirmative defense" by demonstrating that it "would have taken the same action in the absence of the impermissible motivating factor.") (citing 42 U.S.C. § 2000e-5(g)(2)(B)). Therefore, Defendants will be permitted to pursue this defense arguing a mixed motive. Plaintiff's motion to strike the tenth affirmative defense is thus denied.

## I. Eleventh Affirmative Defense

Defendants' eleventh affirmative defense argues that punitive or liquidated damages are barred because of their good faith efforts to comply with all the anti-discrimination laws Plaintiff alleges they violated. Dkt. 49, at 111. Defendants rely on *Kolstad* to support their contention that this is an appropriate affirmative defense. Dkt. 63, at 9. In *Kolstad*, the Supreme Court explain that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 545 (1999). What *Kolstad* did not determine is who has the burden of establishing good-faith or lack thereof.

11

The Seventh Circuit has explained that the first step in the punitive damages analysis requires the plaintiff "show that the employer acted with 'malice' or 'reckless indifference' toward the employee's rights under federal law." *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 835 (7th Cir. 2013) (citing *Kolstad*, 527 U.S. at 533-39). Any showing on the part of Defendants that they made good-faith efforts to comply with Title VII then does nothing more than "controvert the plaintiff's proof." *Winforge*, 691 F.3d at 872. As explained above, a defense like the one here that simply controverts Plaintiff's proof is not an affirmative defense. Rather, it "is a fact-intensive analysis, and although the implementation of a written or formal antidiscrimination policy is relevant to evaluating an employer's good faith efforts, it is not sufficient in and of itself to insulate an employer from a punitive damages award." *AutoZone*, 707 F.3d at 835 (cleaned up). Since the Court finds a *Kolstad* defense is not an affirmative defense, Plaintiff's motion to strike the eleventh affirmative defense is granted.

### J. Twelfth Affirmative Defense

Defendants' twelfth affirmative defense reserves their ability to limit liability in response to any misconduct on Plaintiff's part that comes to light during the discovery process. Dkt. 49, at 111. Plaintiff argues that this defense should be stricken because it is not a true affirmative defense and is not properly supported. Dkt. 57, at 10; Dkt. 65, at 16-17. However, courts in this district have determined that after-acquired evidence is a proper affirmative defense. *See Johnson v. City of Elgin*, No. 99 C 8288, 2001 WL 199506, at *1-2 (N.D. Ill. Feb. 28, 2001); *Woolner v. Flair Communications Agency, Inc.*, No. 01 C 6043, 2004 WL 161505, at *3 (N.D. Ill.

12

Jan. 22, 2024). The courts did this in reliance on the Seventh Circuit precedent set in *Sheehan* which explains that an employer's liability may be limited if they "later— typically in discovery—turn[] up evidence of employee wrongdoing which would have led to the employee's discharge." *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1047 (7th Cir. 1999).

This Court agrees; this after-acquired evidence defense does not controvert Plaintiff's proof and is, therefore, an affirmative defense. *See Winforge*, 691 F.3d at 872. Additionally, the lack of factual support can be excused due to the nature of this affirmative defense in that Defendants have "no practical way of investigating [Plaintiff's wrongdoing] before discovery." *Leon*, 2010 WL 4810600, at *1. Therefore, Plaintiff's motion to strike the twelfth affirmative defense is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is granted as to affirmative defenses 1-3 in relation to the EPA claims and affirmative defenses 9 and 11 in their entirety. Plaintiff's motion is denied for all the remaining affirmative defenses.

Entered: _3/26/2025_____      By: _____
                                     Iain D. Johnston
                                     U.S. District Judge