## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Carmen Stoicescu, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 24 cv 50018<br>)<br>) Magistrate Judge Margaret J. Schneider |
| Hamilton Sunstrand Corporation<br>d/b/a Collins Aerospace, RTX Corporation,<br>Hamilton Sunstrand Space Systems<br>International, Inc. d/b/a/ Collins Aerospace, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### **MEMORANDUM OPINION AND ORDER**

Before the Court are contested motions for entry of a Confidentiality Order [Dkt. 117], [Dkt. 122]. Pursuant to Federal Rule of Civil Procedure 26(c)(1) and upon a showing of good cause, courts "may issue an order to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense, including an order that a trade secret or other confidential research, development, or commercial information will not be revealed or will be revealed only in a specified way." *Elder v. Bimbo Bakeries USA, Inc.*, No. 21 cv 00637, 2022 WL 3443766, at *2 (Aug. 17, 2022) (citing Fed. R. Civ. P. 26(c)(1)). This Court has "broad discretion" to determine whether "a proposed protective order is appropriate" and "the degree of protection the law may require." *Williams v. City of Chicago*, No. 22 cv 1084, 2022 WL 10105656, at *4 (N.D. Ill. Oct. 17 2022). Both Plaintiff's and Defendants' proposed confidentiality orders are based on Form LR 26.2, the model confidentiality order for the Northern District of Illinois. The model order allows a party to producing discovery to designate certain information as "confidential." Form LR 26.2, ¶ 2. It also provides protections for information that is designated confidential as well as a procedural mechanism to challenge designations.

Both parties propose several changes to the model order. In their motion, Defendants propose allowing the parties to designate certain information as "highly confidential." They assert good cause for this modification because Defendants recently self-disclosed technical violations of the Arms Export Control Act, 22 U.S.C. § 2751 et seq. ("AECA") and the International Traffic in Arms Regulations ("ITAR"). [Dkt. 117]. To resolve those violations, Defendants represent that they entered into an administrative settlement with the State Department and are subject to a consent decree. [Dkt. 117]. They assert that to comply with the requirements of the consent decree, they need to designate some discovery as "highly confidential." [Dkt. 117]. Defendants also want to add a certification requirement for access to that "highly confidential" information. Plaintiff does not dispute that Defendants are subject to a consent decree related to violations of national security regulations. Therefore, the Court finds that Defendants have shown good cause for the inclusion of a provision allowing for the designation of certain categories of information as "highly confidential" and a provision requiring certification in order to access that information.

However, the Court notes that the language in Defendants' proposed order is not narrowly tailored to the consent decree or compliance with national security regulations. Under the proposed order, "highly confidential" information would include:

> (a) confidential investigation documents by any party, including confidential internal Company investigation documents; (b) financial information about the parties and insurance information of Defendants; or (c) technical data and information that is governed by any applicable export, import, and/or sanctions laws, regulations, orders, and authorizations, including, but not limited to, the International Traffic in Arms Regulations, 22 CFR 120-130 ("ITAR"), the Export Administration Regulations, 15 CFR 730 et seq. ("EAR"), and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control ("OFAC") Regulations, 31 CFR Chapter V.

Without reading the consent decree, this Court cannot determine whether designating these broad categories of information as "highly confidential" is required. The Court also notes that Defendants' proposed order seeks to have certain categories of individuals sign certifications in

order to access "highly confidential" information. However, as written, the Court is unable to discern which parties Defendants propose have access to "highly confidential" information and which parties need to sign certifications. The Court edited these provisions in an attempt to clarify these issues and will send the parties a copy of its proposed confidentiality order. If the parties object to these changes, they should file written objections by 05/23/25 and submit a modified proposed confidentiality order to the Court's proposed order box. Any further objections should not reraise issues already addressed in this order.

Plaintiff's motion seeks several modifications to the District's model confidentiality order [Dkt. 122]. She does not assert any good cause for these modifications. She argues that her arguments supporting her modifications are contained in three other motions she filed on the docket [Dkt. 118], [Dkt. 119], [Dkt. 120]. The Court denied those motions and will not consider them [Dkt. 121]. Nevertheless, the Court will still consider Plaintiff's proposed modifications.

Many of the modifications Plaintiff proposes to the model confidentiality order are redundant. These modifications simply reword provisions already included under the model confidentiality order. For example, Plaintiff wants to add her own definition of certain terms. The Court finds no good cause to define terms that are not defined in the model order and that the parties should already understand, such as technical information, "trade secrets," "commercial or financial information," "policies and procedures," "personnel records," or "personal identity information." Plaintiff also adds language throughout her proposal indicating that public information is not confidential. The model confidentiality order already states that documents and information available to the public may not be designated confidential. Form LR 26.2, ¶ 2. Throughout her proposal, Plaintiff defines information that she proposes to exclude from the definition of confidentiality. This is redundant because the model confidentiality order defines

confidential information. Any information that does not fall within that definition is not to be designated as confidential. The Court finds no good cause to explicitly exclude certain categories of information. Plaintiff also seeks to modify language in the model order related to who is allowed to designate documents as confidential. The model order provides that attorneys who designate documents as confidential must be admitted to the Bar of at least one state. Plaintiff removes that requirement. The Court finds no good cause for that change. It appears that Plaintiff's concern may be that a bar-admission requirement precludes her from designating information as confidential, but the model confidentiality order already allows for pro se parties to designate material as confidential. Form LR 26.2, ¶ 3.

Turning to Plaintiff's proposed substantive modifications. Plaintiff's definition of confidential information leaves out "information prohibited from disclosure by statute." Form LR 26.2, ¶ 2. Plaintiff also includes a proposed provision which would except from confidentiality designation any document that is not privileged and relates to any "allegations of unlawful conduct, fraud, retaliation, discrimination, or public health and safety, to any regulatory body, law enforcement entity, or other tribunal." The Court finds no good cause for these modifications. The Court cannot find that any such documents could not be designated confidential. The parties must carefully review documents to be produced in discovery to determine if they appropriately fall within the categories of documents that may be designated "confidential" or "highly confidential."

Plaintiff also seeks to include a provision which would prohibit parties from designating an entire document as confidential if it contains both confidential and non-confidential information. She claims that this "ensures transparency and prevents the misuse of confidentiality designations." Another proposed provision would require parties to redact information as an alternative to designating documents as confidential. Redactions of documents would give the

parties less access to information and cause delays in the discovery process. The Court finds no good cause for either of these modifications. If a party believes the other party is misusing confidentiality designations, the model order provides a mechanism to challenge designations. Form LR 26.2, ¶ 9. In addition, the Court notes that redactions may be an appropriate mechanism if and when it comes time for the use of confidential documents in court filings. Briefs need not be filed entirely under seal if portions of briefs citing to confidential materials can be redacted.

Another major modification contemplated by Plaintiff is changing the procedure for challenging confidentiality designations. The model confidentiality order establishes that a party seeking to challenge a confidentiality designation must first confer in good faith with the designating party. Form LR 26.2, ¶ 9. The designating party must respond to the challenge in five business days. *Id*. The challenging party may then file a motion challenging the confidentiality designation with the Court. The model confidentiality order clearly establishes that "[t]he burden of persuasion in any [proceeding challenging a confidentiality designation] shall be on the designating party." *Id*. Until the Court rules on the challenge, the confidential designation remains. *Id*. Many of Plaintiff's modifications to this procedure are redundant. However, Plaintiff's modified language seems to eliminate the need for the challenging party to file a motion challenging a confidentiality designation. Instead, she proposes a provision requiring the designating party to file a motion for a protective order once a designation is challenged. If no motion for protective order is filed within five business days of the challenge, Plaintiff proposes that the information automatically become public. The Court does not find good cause for this modification. The party challenging a designation, as the party seeking relief from the Court, is the proper party to bring a motion relating to confidentiality designations. As the model order

makes clear, this does not change the ultimate burden of persuasion, which remains on the party that made the confidentiality designation.

Similarly, Plaintiff wants to add a provision which states "[a]ny material used affirmatively in any court filing, motion, deposition, or hearing shall automatically lose its confidential designation unless the Court grants a motion to seal." This would defeat the purpose of the confidentiality order. Any party wishing to file a confidential document on the docket must comply with LR 26.2 pursuant to the terms of the model confidentiality order. Form LR 26.2, ¶ 7. The Court finds no good cause for this modification.

Plaintiff also seeks "full access" to any document authored by, received by, or referencing her. This request is not properly made in a confidentiality order. A confidentiality order does not restrict a party's access to documents, just the ability to disclose documents to third parties and the public. Plaintiff has full access to review confidential documents that are produced in discovery.

Finally, Plaintiff adds Appendix A, which she titles a "sealing forecast protocol." This appendix states that it governs "requests to seal" and provides a laundry list of what Plaintiff proposes will and will not be allowed to be filed publicly on the docket going forward in this litigation. The Court reminds Plaintiff that entry of a confidentiality order is not "a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue." *Id*. ¶ 16. If a party wishes to file a confidential document, the party must comply with LR 26.2. Form LR 26.2, ¶ 9. The Court will not, by entry of a confidentiality order, make predictive rulings as to what may or may not be filed under seal in the future.

**CONCLUSION**

Defendants' Opposed Motion for Entry of a Confidentiality Order [117] is granted in part subject to modification as explained in this Order. Plaintiff's Final Motion for Entry of Confidentiality Order [122] is denied.

Date:   May 20, 2025            ENTER:

*Margaret J. Schneider*
United States Magistrate Judge